UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| NATHANIEL SCOTT ROBINSON, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 3:25-cv-314 |
| v. ) | |
| ) | Judge Atchley |
| ROBERT CHEATHAM, *in his individual* ) | |
| *and official capacities*, ) | Magistrate Judge McCook |
| ) | |
| *Defendant*. ) | |
| ) | |

**MEMORANDUM & ORDER**

Plaintiff Nathaniel Scott Robinson filed a pro se complaint in the Circuit Court for Knox County, Tennessee, for violations of 42 U.S.C. §§ 1983, 1985, and various state law claims against Defendant Robert Cheatham, claiming that Defendant violated several of his civil rights. [Doc. 1]. On July 3, 2025, the action was removed to this Court. [*Id.*]. Now before the Court is Defendant's Motion to Dismiss the Complaint [Doc. 7] for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12. Plaintiff did not file a timely response to this motion, *see* E.D. Tenn. L.R. 7.1, and he therefore waived any opposition to this dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.* 577 F.2d 740 (6th Cir. 1978); E.D. Tenn. LR 7.2. For the reasons set forth below, Defendant's Motion [Doc. 7] will be **GRANTED**, and this action will be **DISMISSED**.

I.  BACKGROUND

According to Plaintiff's complaint, members of the Federal Bureau of Investigation, and their Knox County Sherrif's Office Liaison, Defendant Robert Cheatham, executed a search warrant on Plaintiff's brother's home on September 29, 2023. [Doc. 1-1 at 2]. During the search,

the officers discovered drugs and multiple firearms. [*Id.*]. Plaintiff, who was present during the search, was subsequently arrested and charged with various drug and firearm offenses. [*Id.*]. Plaintiff alleges that during his probation revocation hearing on January 9, 2024, Defendant "mendaciously testified to several plainly-outright inaccuracies that place[ed] Plaintiff in a false light bolstering the State's contention that the items found in common areas were attributable to Plaintiff." [*Id.* at 3]. As a result of this alleged false testimony, Plaintiff claims that he was wrongly imprisoned due to the revocation of his probationary sentence. [*Id.*].

The instant lawsuit followed, alleging (among other things) that Defendant violated Plaintiff's Fifth, Eight, and Fourteenth Amendment rights by failing to "ensure his testimony was veracious so as to not falsely imprison Plaintiff and ensure candor to the tribunal." [*See* Doc. 1-1 at ¶¶ 11–29]. Plaintiff further claims that Knox County Sheriff's Office policy was the "moving force behind violation of Plaintiff's constitutional rights." [*Id.*]. Additionally, Plaintiff has brought various state law claims, including negligence, false light, intrusion on seclusion, and other various causes of action. [*Id.*]. As a result of the alleged violations, Plaintiff seeks monetary relief. [*Id.* at 4]. Now, Defendant moves to dismiss those claims. [Doc. 7].

## II.  STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is implausible when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* at 679. In considering a motion to dismiss, a court must take all factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).

## III.  ANALYSIS

The Court finds that, even if Plaintiff's allegations are true, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486–87 (footnote omitted). In other words, "[a] claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 487. The same principle also applies to conspiracy claims brought under 42 U.S.C. § 1985. *Lanier v. Bryant*, 332 F.3d 999, 1005–06 (6th Cir. 2003) (barring a § 1985 claim under *Heck*). In deciding whether an action is barred by *Heck*, the Court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* If so, the action is barred, unless the conviction or sentence has been invalidated. *Id.*

Moreover, *Heck* applies to state probation revocation proceedings. *See Grogg v. Tennessee*, No. 2:15-cv-299-JRG-MCLC, 2016 U.S. Dist. LEXIS 140246, at *7 (E.D. Tenn. Apr. 29, 2016) ("The *Heck* doctrine applies to a claim challenging state probation revocation proceedings."); *Noel v. Grzesiak*, 96 Fed. Appx. 353, 354 (6th Cir. 2004) (affirming the district court's decision to dismiss the plaintiff's complaint because he alleged that the defendants violated his due process rights when they used inaccurate information in his presentence investigation report to deny him parole); *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) ("In addition to convictions and sentences, *Heck* applies to proceedings which call into question the fact or duration of parole.")

Plaintiff contends that Defendant's false testimony directly led to the revocation of his probation and his resulting wrongful imprisonment. [Doc. 1-1 at ¶¶ 13]. Therefore, any judgment in this case in Plaintiff's favor will necessarily imply the invalidity of his probation revocation

3

judgment. Furthermore, Plaintiff has not demonstrated that his sentence or probation revocation has been reversed on direct appeal, expunged by executive order, declared invalid, or otherwise called into question. Without such a showing, "*Heck* will require dismissal" of all of Plaintiff's §§ 1983 and 1985 claims against Defendant.[1] *Wallace v. Kato*, 549 U.S. 384, 384 (2007) (internal citations omitted).

As to Plaintiff's remaining various state law claims, the Court declines to exercise supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367(c)(3). Having found that all federal claims should be dismissed under *Heck* and that the remaining claims involve matters of local concern, the Court finds no compelling reason to exercise supplemental jurisdiction. *Thomas v. Univ. of Tenn. Hosp.*, No. 3:160cv0631-TAV-CCS, 2018 U.S. Dist. LEXIS 44003, at *18 (E.D. Tenn. Mar. 19, 2018) (declining to exercise supplemental jurisdiction over the plaintiff's state law claims after dismissing the federal ones under *Heck*). Because this action was removed to this Court, remand as to Plaintiff's state law claims is appropriate. *See Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.").

Finally, "[n]umerous cases have held that where a plaintiff fails to respond to a motion to dismiss, his or her claims are deemed abandoned." *Williams v. Chase Bank*, No. 15-10565, 2015 WL 4600067, at *3 (E.D. Mich. July 29, 2015); *Cruz v. Capital One, N.A.*, 192 F. Supp. 3d 832, 838–39 (E.D. Mich. 2016) (collecting cases). In addition, Defendant is entitled to dismissal on the merits.

---

[1] Plaintiff purports to sue Sergeant Robert Cheatham in both his individual and official capacities. As Defendant points out, an action against county officers in their official capacity is treated as an action against the government entity. [Doc. 7 at 1]. However, even if Plaintiff asserted a *Monell* claim against Knox County, Tennessee, such a claim is also barred under *Heck*. *See Lee v. United States*, No. 21-1738, 2022 U.S. App. LEXIS 19616, at *3 (6th Cir. 2022) (finding that all the plaintiff's claims, including his *Monell* claim against the city of Detroit, were barred under *Heck*).

## IV. CONCLUSION

For the reasons stated, Defendant Robert Cheatum's Motion to Dismiss the Complaint [Doc. 7] is **GRANTED**. All Plaintiff's federal claims, Claims ¶¶ 20–22, are **DISMISSED WITH PREJUDICE**. All Plaintiff's state law claims, Claims ¶¶ 23–28, are **REMANDED** to the Circuit Court for Knox County, Tennessee.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**